RALPH P. BUXTON v. THE COMMISSIONERS OF RUTHERFORD.

*Salaries of Judges.*

The constitution provides that the salaries of the judges shall not be diminished during their continuance in office. The additional compensation of one hundred dollars given to a superior court judge by the act of 1869 for services in holding a special term, is a part of his salary; *Hence* section four of the act of 1879, ch. 240, which provides for a reduction thereof, considered separately, is unconstitutional; but taken in connection with section seventeen of same chapter, its operation is postponed until such time as the constitution ceases to give protection.

CONTROVERSY submitted without action under the Code, § 315, and heard at Chambers on the 29th of December, 1879, before *Schenck, J.*

The following facts are set out in the case agreed:

That the plaintiff is a judge of the superior court, resident in the fourth judicial district, duly elected and commissioned and qualified in 1874. The defendants are the board of commissioners of Rutherford county in this state, duly elected and qualified. That upon application of the defendants a special term of the superior court for the county of Rutherford was called, and his excellency, the governor of the state, by authority of law, did issue a commission to the plaintiff, to open and hold a special term of said court on Monday, the 4th day of August, 1879, and to continue the same until the business of said court should be disposed of. That the plaintiff by virtue of said commission did on the 4th of August, 1879, open the special term of said court for said county, and continue for one week and four days, until all the business was dispatched, and took the clerk's certificate in due form to that effect. And that the plaintiff has made all necessary and proper demands upon the proper county officers of Rutherford county, for legal compensation for his services in holding said special court, which demand has been refused by the defendants, upon the ground that no compensation was due him for such services from the county of Rutherford.

The question submitted to the decision of His Honor was " Is Judge Buxton entitled to pay from the county of Ruthford for holding said special court?" It was agreed that if His Honor should be of opinion with the plaintiff, then he should render judgment for the plaintiff for one hundred and sixty-six and two-third dollars and five dollars costs, with *mandamus* to defendants to pay said judgment and costs; and if with the defendants, then he should render judgment against the plaintiff for the costs, viz: five dollars.

His Honor rendered judgment in behalf of the plaintiff against the defendants for the sum of one hundred and sixty-six and two-thirds dollars, and three dollars costs, from which the defendants appealed.

*Messrs. Batchelor, Reade* and *Merrimon,* for plaintiff.
No counsel for defendants.

ASHE, J. Was this judgment erroneous? We think it was not; and in considering the case we will first address ourselves to the inquiry—what was the compensation allowed by law to the judges of the superior courts? The first act on the subject is that of 1868, ch. 46, § 6, which fixed the salaries of the judges of the superior courts at twenty-five hundred dollars a year, in full compensation for all judicial duties which are now or may hereafter be assigned to them by the general assembly; and for holding a special term of the superior court the judge shall receive ninety dollars for each week, to be paid by the county in which the special term is held, on the production of the certificate of the clerk of said court; so that the compensation or salary fixed by that act was twenty-five hundred dollars a year and in addition thereto ninety dollars for each week in holding the special courts. The fifth section of chapter 273, of the acts of 1868–'69, provided that for holding a special court the judge should be entitled to receive from the commissioners of the county in which the court is held, his expenses at the rate of one hundred dollars per week, as his compensation for holding said term. We do not think it was the purpose of the legislature to make the compensation cumulative, and the act being in conflict with the latter clause of the sixth section of the act of 1868, repeals it, making the compensation of the judges of the superior courts twenty-five hundred dollars a year for all judicial services, except for holding special courts,

and for that service one hundred dollars per week in addition to the regular salary. This was the compensation established by law for the judges of the superior courts when the plaintiff was elected judge in 1874.

But it is contended on the part of the defendants that the fifth section of chapter 273 of the acts of 1868–'69, was repealed by the act of 1879, ch. 240, § 4, which provides: "That the judges of the superior courts shall each have an annual salary of two thousand five hundred dollars, payable quarterly, viz: on the first days of April, July, October, and January in every year in full compensation for all judicial duties which are now or may hereafter be assigned to them by the general assembly. The governor in assigning the judges of superior courts to hold extra and special terms thereof, shall observe as near as may be an equal division of labor among the several judges." But we do not think it was the intention of the legislature that that act should apply to those officers whose compensation was protected by the constitution, for in section seventeen of the act, it is provided that " this act shall be in force from and after its ratification, or as soon thereafter as the constitution and the laws passed in pursuance thereof will permit." The legislature evidently had in view when they enacted that section, that the compensation of the judges could not be diminished during their continuance in office, and therefore the operation of the act as to them, was postponed until such time as the constitution should cease to give them protection.

· If this be not the proper construction of that section, then the fourth section of that act is unconstitutional so far as it relates to the term of office of those judges then in office, because it contravenes that provision of the constitution contained in the twenty-third section of the fourth article of the constitution of 1868, and in section eighteen of that of 1875, which declares "that the salaries of the judges shall

not be diminished during their continuance in office." But here the question occurs, does the term "salary" include the compensation given to the judges for holding special terms of the court? If it does the section is unconstitutional.

Tomlinson in his law dictionary defines salary to be " a recompense or consideration made to a person for his pains and industry in another man's business." According then to this definition of the term, the compensation of one hundred dollars given to the judges of the superior courts for their services in holding the special courts, to be paid by the commissioners of the county in which the courts are held, is a part of their salary. In this view of the case, we hold there was no error in the judgment of the court below.

Let this be certified to the superior court of Rutherford county, that judgment may be entered for the plaintiff, and that a writ of *mandamus* may be issued to the defendants according to the case agreed and in conformity to this opinion.

No error.                                    Affirmed.